# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2020

Lyle W. Cayce
Clerk

No. 19-50687
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HORACIO SANTAMARIA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-756-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Horacio Santamaria, Jr., was convicted by a jury of aiding and abetting the possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2, and he was sentenced within the guidelines range to 151 months of imprisonment and five years of supervised release. He now appeals his conviction and his sentence, arguing that the evidence was insufficient to support his conviction and that his sentence is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

procedurally unreasonable because the district court's drug quantity calculation was erroneous and because the application of enhancements under U.S.S.G. § 3D1.1 and U.S.S.G. § 2D1.1(b)(16)(B)(i) were not warranted in light of the record.

A defendant's sufficiency-of-the-evidence claim is "reviewed under a stricter than usual standard" where, as in this case, the defendant failed to renew his motion for judgment of acquittal at the close of all the evidence, *United States v. Green*, 293 F.3d 886, 895 (5th Cir. 2002).  Thus, by failing to do so, Santamaria has not preserved his claim for appeal, and it is reviewed for a "manifest miscarriage of justice."  *United States v. Davis*, 690 F.3d 330, 336 (5th Cir. 2012); FED R. CRIM. P. 29.

Santamaria argues that the evidence was insufficient to show that he purposefully associated with the transportation of marijuana on January 3, 2018, and that he sought by his actions for the transportation of marijuana to succeed.  We disagree.  The record is not devoid of evidence pointing to Santamaria's guilt, nor is the evidence "so tenuous that a conviction is shocking."  *United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (en banc) (internal quotation marks and emphasis omitted).  Moreover, there was evidence, both direct and circumstantial, from which the jury could have reasonably inferred that Santamaria aided and abetted in the possession with intent to distribute marijuana.  Accordingly, his conviction is affirmed.

Because Santamaria has preserved his challenges to the procedural reasonableness of his sentence, we review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings, including the determination of what constitutes relevant conduct, for clear error.  *United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010).  With respect to Santamaria's challenge to the district court's drug quantity

2

determination, a defendant's "base offense level can reflect quantities of drugs not specified in the count of conviction if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009) (internal quotation marks and citation omitted).  Here, the district court did not clearly err by holding Santamaria accountable for 595.2 kilograms of marijuana based on relevant conduct, as that determination was plausible in light of the record as a whole. *See id.*; *United States v. Cooper*, 274 F.3d 230, 238 (5th Cir. 2001).

Santamaria also argues that the Government failed to prove by a preponderance of the evidence that he organized, led, managed, or supervised any other participant warranting the section 3B1.1(c) enhancement.  Again, we find no clear error with the district court's application of this enhancement. Based on the evidence before it, the district court could have plausibly found that Santamaria was at least a manager or supervisor in the drug trafficking scheme.  In reaching this conclusion, we give deference to the district court's credibility determinations, including credibility determinations concerning statements contained in the PSR, *see United States v. Perez*, 217 F.3d 323, 331-32 (5th Cir. 2000), and recognize that where there is more than one permissible view of the evidence supporting a sentencing enhancement, the district court's decision to rely on one view over others does not constitute clear error, *see United States v. Gillyard*, 261 F.3d 506, 509 (5th Cir. 2001).

Finally, Santamaria argues that the enhancement under section 2D1.1(b)(16)(B)(i) was not warranted because there was no evidence showing that he involved his minor child in the transportation of marijuana.  That Guideline provides for a two-level enhancement if the defendant received an adjustment under section 3B1.1 and "knowing that an individual was (i) less than 18 years of age . . . distributed a controlled substance to that individual

or involved that individual in the offense." § 2D1.1(b)(16)(B)(i). We find no error with the district court's application of that provision in this case. *See United States v. Benitez*, 809 F.3d 243, 249 (5th Cir. 2015).

Accordingly, the judgment of the district court is AFFIRMED.